**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00009-RJC**

| | |
|---|---|
| BILLY GENE BULLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Lack of Prosecution, (Doc. No. 12), and Plaintiff's Motion to Appoint Counsel, (Doc. No. 15).

## I.  BACKGROUND

Plaintiff filed Complaint in this civil action on January 7, 2015, along with his Pro Se Motion to Proceed in Forma Pauperis. (Doc. Nos. 1, 2). The Court granted Plaintiff's Motion to Proceed in Forma Pauperis on January 26, 2015. (Doc. No. 3). On March 16, 2015, the Court issued a "text-only" Scheduling Order directing Plaintiff to file his Motion for Summary Judgment by May 15, 2015, and Defendant to file her Motion for Summary Judgment by July 14, 2015. Plaintiff failed to file his Motion for Summary Judgment; therefore, Defendant filed her Motion to Dismiss for Lack of Prosecution on June 26, 2015. (Doc. No. 12). On July 6, 2015, Plaintiff, who is proceeding pro se, filed his Response in Opposition to Defendant's Motion, (Doc. No. 14), as well as his Motion to Appoint Counsel, (Doc. No. 15). Defendant has not filed a reply to Plaintiff's Response in Opposition and has not filed a response to Plaintiff's Motion to Appoint Counsel, and the time for doing so has expired.

## II. DISCUSSION

First, Defendant seeks dismissal of the case due to Plaintiff's failure to file his Motion for Summary Judgment. A district court has the authority to dismiss a plaintiff's action because of his failure to prosecute, either upon a defendant's motion or sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Dismissal under Rule 41(b), however, is a harsh sanction that should not be invoked lightly. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). In this case, Plaintiff has responded and provided an explanation for his failure to file his Motion for Summary Judgment. Consequently, the Court finds that dismissal at this stage in the case is not warranted, and Defendant's Motion will be **denied**. Plaintiff is **warned**, however, that his failure to properly prosecute this case going forward may result in the case being dismissed with prejudice.

Second, Plaintiff requests appointment of legal counsel. Plaintiff cites no applicable authority supporting his request for court-appointed counsel in a civil case. Moreover, the Court is not aware of any case law, statute, Federal Rule of Civil Procedure, or Local Rule requiring the appointment of counsel in a civil case such as the one brought by Plaintiff, and no funds have been appropriated for that purpose. Therefore, Plaintiff's motion will be **denied**.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss for Lack of Prosecution, (Doc. No. 12), is **DENIED**;
2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 15), is **DENIED**;
3. The Scheduling Order shall be amended as follows: Plaintiff's Motion for Summary Judgment and supporting memorandum is due sixty (60) days from the entry of this Order, and Defendant's Motion for Summary Judgment and supporting memorandum

is due sixty (60) days after Plaintiff files his Motion for Summary Judgment. Plaintiff shall be permitted one response to Defendant's Motion for Summary Judgment, which shall be filed fourteen (14) days after the filing of Defendant's Motion.

Signed: January 4, 2016

Robert J. Conrad, Jr.
United States District Judge