UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00009-RJC

| BILLY GENE BULLOCK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court sua sponte upon Plaintiff's failure to file his Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff filed his Complaint challenging Defendant's denial of Social Security benefits on January 7, 2015, along with a Motion to Proceed in Forma Pauperis. (Doc. Nos. 1, 2). The Court granted Plaintiff's Motion to Proceed in Forma Pauperis on January 26, 2015. (Doc. No. 3). On March 16, 2015, the Court issued a "text-only" Scheduling Order directing Plaintiff to file his Motion for Summary Judgment by May 15, 2015, and Defendant to file her Motion for Summary Judgment by July 14, 2015. Plaintiff failed to file his Motion for Summary Judgment, and Defendant filed a Motion to Dismiss for Lack of Prosecution on June 26, 2015. (Doc. No. 12). On July 6, 2015, Plaintiff, who is proceeding pro se, filed a Response in Opposition to Defendant's Motion, (Doc. No. 14), as well as a Motion to Appoint Counsel, (Doc. No. 15). The Court denied Defendant's Motion to Dismiss and denied Plaintiff's Motion to Appoint Counsel on January 5, 2016. (Doc. No. 16). In that Order, the Court directed Plaintiff to file his Motion for Summary

Judgment by March 7, 2016. (Id. at 2–3). The Order also warned Plaintiff "that his failure to properly prosecute this case going forward may result in the case being dismissed with prejudice." (Id. at 2). Plaintiff had until March 7, 2016, to move this case forward by filing his Motion for Summary Judgment. The time has now expired, and Plaintiff has failed to file his Motion or prosecute this case in any way.

## II. DISCUSSION

A district court has the authority to dismiss a plaintiff's action because of his failure to prosecute, either upon a defendant's motion or sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Dismissal under Rule 41(b) with prejudice, however, is a harsh sanction that should not be invoked lightly. McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). In reviewing such a dismissal, the Court must consider: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal. Id.

Plaintiff is proceeding pro se, so he bears the entire responsibility of prosecuting this case. It is Plaintiff's burden to move this case forward, and he has failed to do so. Plaintiff also received the benefit of the Court's warning in its previous Order, (Doc. No. 16 at 2), which explained that Plaintiff's case could be dismissed should he fail to comply with the Order. As to the second factor, while the Court recognizes that Defendant handles a great many of these types of actions, she still has an interest in having this matter resolved expeditiously. This case has been pending for over a year without any forward progress. Defendant has, therefore, been prejudiced by

Plaintiff's failure on two occasions to file his Motion for Summary Judgment. The third factor also weighs in favor of dismissal. Plaintiff's pattern of failure to prosecute this case is indicated by his failure to file a Motion for Summary Judgment on two occasions. Furthermore, the issue is not dilatory conduct but Plaintiff's complete failure to prosecute his case. Finally, the Court has considered other sanctions; however, it appears that no other sanction would be feasible or sufficient. Accordingly, after considering the factors, the Court finds that dismissal of Plaintiff's case is warranted pursuant to Federal Rule of Civil Procedure 41(b).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint be **DISMISSED with prejudice**. The Clerk of Court is directed to close this case.

Signed: March 16, 2016

Robert J. Conrad, Jr.
United States District Judge