# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-00009-RJC

| | |
|---|---|
| **BILLY GENE BULLOCK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **CAROLYN W. COLVIN,** ) | |
| Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 21), and Memorandum in Support, (Doc. No. 24), and Defendant's Motion for Summary Judgment, (Doc. No. 22), and Memorandum in Support, (Doc. No. 23). The motions are ripe for adjudication.

## I. BACKGROUND

### A. Procedural Background

Pro se Plaintiff Billy Bullock ("Plaintiff") seeks judicial review of Carolyn Colvin's ("Defendant" or "Commissioner") denial of his social security claim. (Doc. No. 1). On February 24, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. (Tr. 17).[1] In his application, Plaintiff alleged an inability to work due to post-traumatic stress disorder, anxiety, panic attacks, depression, hypertension, high cholesterol, and sleep apnea beginning on

---

[1] The full Administrate Record and Social Security Transcript were filed in this matter at Docket Entry Number 10. The Court will use the original transcript ("Tr.") page numbers.

January 1, 1993.  (Id.).  The Commissioner denied Plaintiff's application initially on January 18, 2012 (Id.).

On April 19, 2013, Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ").  (Id. at 26–52).  The ALJ issued a decision on June 6, 2013, denying Plaintiff's claims.  (Id. at 14–25).  Plaintiff filed a request for review of the ALJ's decision on or about July 29, 2013, which was denied by the Appeals Council on October 27, 2014.  (Id. at 7–13).  On November 12, 2014, the October 27, 2014 denial was set aside and the Appeals Council considered additional information before again denying Plaintiff's request.  (Id. at 1–6).  Therefore, the June 6, 2013 ALJ decision became the final decision of the Commissioner.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on January 7, 2015.  (Doc. No. 1).  On January 5, 2016, the Court denied Defendant's Motion to Dismiss for Lack of Prosecution, which was filed because Plaintiff had yet to file a motion for summary judgment.  (Doc. No. 16).  The Court warned Plaintiff that failure to timely file his motion for summary judgment would result in dismissal of this case.  (Id.).  When Plaintiff again missed the deadline to file his motion, the Court dismissed Plaintiff's Complaint with prejudice.  (Doc. No. 17).  But upon Plaintiff's Motion for Reconsideration, (Doc. No. 19), alleging he did not receive the Court's order setting new deadlines for motions for summary judgment, the Court reopened the case and again set new deadlines.  (Doc. No. 20).  Plaintiff filed his Motion for Summary Judgment on April 25, 2016.  (Doc. No. 21).  Although styled as a Motion for Summary Judgment, Plaintiff's filing consisted of a request to rule in his favor on summary judgment accompanied by a 140 page exhibit containing what primarily appears to be pages from the Administrative Record, some of which had handwritten annotations presumably from Plaintiff.  (Doc. No. 21-1).  Defendant filed her Motion for Summary Judgment and

Memorandum in Support on May 25, 2016. (Doc. Nos. 22, 23). On June 13, 2016, Plaintiff filed a Memorandum in Support of Plaintiff's Motion for Summary Judgment. (Doc. No. 24). Although not timely filed and despite the numerous warnings Plaintiff has been given about honoring deadlines, the Court will consider the arguments made in his memorandum. The pending motions are ripe for disposition.

B.     Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 1993, the alleged onset date, and December 31, 1997, the date last insured.[2] (Tr. at 17). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from January 1, 1993 through December 31, 2007, the date last insured. (Tr. at 14–25).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

---

[2]     Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the second step that Plaintiff was not disabled. (Tr. at 19–21).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity between January 1, 1993, the alleged disability onset date, and December 31, 1997, the date last insured. (Id. at 19). At the second step, the ALJ found that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured." (Id. at 21). Among other things, the ALJ based her finding on Plaintiff's failure to seek medical treatment during the relevant time period,[3] which was accessible to him through the Department of Veteran's affairs, and Plaintiff's activities of daily living, including going outside, cutting the grass, watching television, and doing chores. (Id. at 20). Plaintiff also attended college and maintained a job with "no apparent difficulty" after the alleged disability onset date. (Id. at 20–21). Furthermore, the Department of Veterans Affairs did not award disability status to Plaintiff. (Id. at 21).

---

[3] Plaintiff did seek medical treatment both before and after the relevant period of alleged disability onset and date last insured. (Tr. 20).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial

evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff does not directly assign any specific error to the ALJ's decision. Plaintiff's "Motion for Summary Judgment" contained a one-page request asking the Court to award him disability benefits and attached a 140-page document consisting of apparent pages from the Administrative Record with some annotations (underlining, stars, notes directing attention to or explaining certain pieces of information, etc.). In Plaintiff's "Memorandum in Support of his Motion for Summary Judgment," which perhaps was intended as a reply memorandum because it was filed after Defendant filed her opposition, Plaintiff describes his service in Vietnam, the symptoms he experienced after Vietnam, the effect they had on his life, and the medical treatment and diagnoses he received. Yet, Plaintiff fails to identify any error made by the ALJ in her analysis.

Even interpreting Plaintiff's statements leniently and in his favor due to his pro se status, the Court cannot find a specific assignment of error. Plaintiff alleges that he has medical records showing that he was diagnosed with certain disabilities and that the ALJ apparently ended the hearing sooner than he expected. Neither exposes an error in the ALJ's analysis. Indeed, the ALJ resolved this case at step two so the core issue at hand is whether there was any error in the ALJ's determination that Plaintiff did not have a severe medically determinable physical or mental impairment during the relevant time period—from his alleged disability onset date and the date last insured. As the ALJ noted, Plaintiff has records evidencing possible severe medically determinable impairment both before and after the relevant period, but those records

do not satisfy Plaintiff's burden in proving severe impairment, through objective medical abnormalities, during the relevant period. See Bowen, 482 U.S. at 146.

Moreover, even assuming arguendo that Plaintiff adequately identified error by the ALJ, the ALJ clearly relied on substantial evidence in reaching her conclusion that Plaintiff was not disabled during the relevant period, as articulated in Defendant's Memorandum in Support of Her Motion for Summary Judgment. Specifically, the ALJ's substantial evidence included, among other things, the lack of medical evidence, the total lack of medical treatment during the five-year relevant period, and the fact that Plaintiff's primary evidence was an Attending Physician Statement by a family practitioner (not a psychiatrist or psychologist) before the relevant period that concluded, absent supporting medical treatment notes, that Plaintiff had anxiety and was unable to engage in stress[ful] situations and interpersonal relations, and was totally disabled. (Tr. 20). Simply put, the ALJ had more than substantial evidence to conclude that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 21), is **DENIED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 22), is **GRANTED**; and
3. The Clerk of Court is directed to close this case.

Signed: February 14, 2017

Robert J. Conrad, Jr.
United States District Judge